## COOPER v. COOPER.

No. 10462—Opinion Filed March 7, 1922.

(Syllabus.)

**Divorce — Decree Disposing of Property— Action to Modify Decree — Necessary Parties.**

In an action for divorce brought by the wife against the husband, a decree was rendered granting the wife an absolute divorce, on the ground of cruelty, and awarding to the wife the custody of four of the five minor children of the marriage. The decree further vested 160 acres of land constituting the homestead of the parties in the wife and five minor children, share and share alike. No appeal was taken by either party from the decree so rendered. The husband, at a subsequent term of the court, instituted an action against the wife as sole defendant seeking to have that portion of the decree vacated which vested in the minor children a five-sixths interest in the homestead. Held, the minor children were necessary

parties seeking the modification of the decree affecting their interest.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Petition by Thomas J. Cooper against Belle Cooper for modification of divorce decree which adjusted property rights. From an adverse judgment, Thomas J. Cooper brings error. Affirmed.

H. J. Sturgis, for plaintiff in error.

Carl Kruse, for defendant in error.

PITCHFORD, V. C. J. In the year 1913, an action for divorce, custody of minor children, and division of property was instituted in the district court of Garfield county, Okla., by Belle Cooper, defendant in error, against Thomas Cooper, plaintiff in error. Hereafter the parties will be designated as they appeared in the trial court.

On the 30th day of January, 1914, the court rendered a decree granting the plaintiff a divorce on the ground of extreme cruelty. The court also awarded the custody of four of the minor children to plaintiff, and awarded the care and custody of one of the minor children to the defendant. The property rights appear to have been adjusted in a manner agreeable to the parties at the time. The homestead involved consisted of 160 acres, being the northwest quarter of section twenty-one (21), township twenty-two (22), north of range three (3), W. I. M., and was decreed to be the absolute property of plaintiff and her five minor children, Edith, Opal, Walter, William, and Milton, each to own one-sixth interest therein, and decreed that the plaintiff should have possession of the same, and the use and benefit of all rents and profits derived therefrom during her lifetime, to be used in maintaining herself and her four minor children, to wit. Edith, Opal, Walter, and William, respectively, until they reached the age of 21 years.

It was further provided that should the plaintiff remarry, the possession of said land, together with the rents and profits arising therefrom, should be turned over to said four minor children for their support and maintenance until they should, respectively, reach the age of 21 years.

No appeal was taken by either plaintiff or the defendant from this decree. It seems, however, that the defendant thereafter made several applications to have the decree modified, but in each instance his application, after hearing, was denied.

On July 31, 1916, defendant filed his petition in the instant case against the plaintiff and the five minor children, seeking to have the decree modified as affecting the custody of the minor children, and also seeking to have that portion of the decree declared void which vested in the minor children a five-sixths interest in the homestead.

Upon hearing the case the trial court refused to modify the decree in any respect. The plaintiff in error prosecutes this appeal for the single purpose of having that portion of the decree vesting the five minor children with the fee simple to five-sixths interest in the homestead declared void.

In defendant's brief, we find the following admission:

"This action originally included all of said minor children as defendants, but the proceeding as to the minor children was abandoned for the reason that they were not parties in interest, having no right or title in and to the land described, and were not necessary parties to the proceeding."

Therefore, the sole question for our consideration is as to that part of the decree vesting the five minor children with the fee simple to five-sixths interest in the homestead. Is the decree in this particular merely erroneous, or is it absolutely void? If merely an erroneous exercise of power by the district court, then the decree has become final, because there was no appeal from the decree as originally entered. If the trial court, however, was without jurisdiction, then that part of the decree would be void and the title to the five-sixths interest would remain where it was before the decree was entered; that is, in the defendant. No attack is made on that portion of the decree vesting a one-sixth interest in the plaintiff, Belle Cooper.

Section 4968, Rev. Laws of Oklahoma 1910, provides that when a divorce is granted, the court shall make provision for the guardianship, custody, support, and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action.

Under the above section, the only authority given to the court is to make provisions for the guardianship, custody, support, and education of the minor children, and in the instant case when the court attempted to vest title in the children there was evidently no intention on the part of the court to attempt to vest this interest in the children as heirs of the defendant or as strangers to the action. We are to presume that the court had in view the best interests of

the children as to their support, maintenance, and education. It is not as if the court undertook to divest the defendant of his interest in the land and give it to strangers. Under the law, it is the duty of the father to support his minor children, and when the court found that the father was not a suitable person to have the custody of the children, and granted the mother a divorce on the grounds of cruelty of the defendant, and awarded the custody of the children to her, it was the duty of the court to see that such a decree should be granted as would protect the minor children. The court had full power to vest the title in the mother absolutely for the support of herself and minor children; but, having in view, no doubt, the best interests of the children, the court saw proper to so word the decree that, in the event the mother remarried, and in her new love neglected the minor children involved in this action, in that event, and for the best interest of the children, the interest in the land should be vested, as was done, by virtue of the decree. While a decree of this nature might be erroneous, we are not prepared to say, nor are we called upon to decide, that the portion of the decree vesting the five-sixths interest in the children is absolutely void. If the plaintiff had appealed from the decree vesting this five-sixths interest in the children, and the appellate court should have held that the decree was either voidable or absolutely void, the decree would have been reversed and the cause remanded to the trial court to modify the decree in such a manner as to make the same effective under the provisions of the above section. If any rights were vested in the children by the decree. they cannot be deprived of those rights without their day in court. Any judgment rendered by either this court or the trial court, without their being parties to the action, would not be binding on them.

In Jefferson v. Gallagher et al., 56 Okla. 405, 150 Pac. 1071, the fifth paragraph of the syllabus reads as follows:

"(5) A judgment rendered without jurisdiction of the person is no judgment at all; it is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever. As to the person in whose favor it professes to be, it places him in no better position than he occupied before, and gives him no new right. As to the third persons, it can neither be a source of title, nor an impediment in the way of enforcing claims. It is not necessary to take any steps to have it reversed, vacated or set aside, and whenever it is brought up against the party, he may assail its pretensions and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral. It is a judgment which is entirely void, and may be shown to be void in a collateral as well as a direct proceeding, by extrinsic evidence as well as by the record itself."

As we have seen, the only parties to this action are Thomas Cooper and Belle Cooper, and as there is no contention as to the rights of Belle Cooper as to her one-sixth interest, we conclude that the judgment of the trial court should be affirmed, and it is so ordered.

HARRISON, C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.